Filed 11/24/20  P. v. Romero CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077813 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN288104) |
| WILLIAM ROMERO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Michael K. Kirkman, Judge.  Affirmed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

## BACKGROUND

Briefly, on Easter Day in 2010, defendant William Romero went to a party at the home of his ex-wife.  He was already intoxicated.  He drank tequila and beer.  He made a comment that if he drove that night, "someone was going to die."  He became loud and belligerent.  Defendant later drove and while driving southbound on I-5 at approximately 100 miles an hour, he

crashed into a Ford Explorer, killing Oscar Lopez Sr. and seriously wounding Oscar Lopez Jr. when both were thrown from the Explorer. Two other persons in the Explorer did not sustain injuries requiring treatment. Defendant fled the scene. He was later spotted by officers walking along the freeway and then found lying in brush on a trail toward the beach. Tests reflected that at the time of the crash defendant's blood alcohol level was between .125 and .145 percent.[1]

Defendant was found guilty of second degree murder (Penal Code[2] § 187, subd. (a); count 1); gross vehicular manslaughter (§ 191.5, subd. (a); count 2); driving under the influence causing injury (Veh. Code, § 23153, subd. (a); count 4); driving with a blood alcohol level of .08 or higher causing injury (Veh. Code, § 23153, subd. (b); count 5); and hit and run with death or permanent serious injury (Veh. Code, § 20001, subd. (b)(2); count 6). As to count 2, the jury also found true the allegation defendant fled the scene of the crime after committing the offense (Veh. Code, § 20001, subd. (c)). On counts 4 and 5, the jury found true that defendant caused great bodily injury to Oscar Lopez, Sr. (§ 12022.7, subd. (a)).

Defendant was sentenced to a total of 15 years to life in prison for the murder plus one year, consecutive, for a prior prison term conviction (§ 667.5, subd. (b)) that the court had found true.

---

[1] We have granted judicial notice of our prior opinion, *People v. Romero* (Apr. 30, 2013, D060887) [nonpub. opn.], and summarize the facts set forth in that opinion.

[2] All further statutory references are to Penal Code unless otherwise noted.

Defendant filed an appeal.  The People agreed that counts 4 and 5 were lesser included offenses of count 2.  The court therefore modified the judgment to reverse the convictions on counts 4 and 5.

 In June  2019, defendant filed a petition to vacate his murder conviction and for resentencing pursuant to section 1170.95.

On January 24, 2020, the court appointed counsel and set a briefing schedule.  On February 16, 2020, the People filed an initial response to defendant's petition.  Defendant filed a reply.

On June 17, 2020, the court denied defendant's petition, finding he was not eligible under the statute.

Defendant filed a timely notice of appeal.

## DISCUSSION

Counsel for defendant has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) stating he has thoroughly reviewed the record and consulted with Appellate Defenders, Inc.  He has summarized the record and outlines the possible issues considered.  Counsel has also advised his client of the filing in this case and the right to file a pro. per. brief.

We have conducted a review of the entire record to determine if there are any issues, which if found favorable to defendant, would result in a modification or reversal of any of his convictions, or his sentence.  Included in our examination was an examination of an *Anders* issue to which we were directed by counsel, i.e., as to whether the trial court erred in dismissing defendant's petition for resentencing under section 1170.95.

We have found no error.  Defendant committed murder with implied malice when he killed Lopez, Sr., by driving while under the influence of

3

alcohol.  Section 1170.95 does not provide relief to persons who killed directly, with malice.

Defendant has not filed a supplemental brief.

Defendant has been represented by competent counsel on appeal.

DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:


HALLER, J.


IRION, J.

4